*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                    521399
_____

In the Matter of INJAH UNIQUE
    TAFARI,
                    Appellant,

            v                                    MEMORANDUM AND ORDER

BRANDI COLLYER, as Supervisor
    of the Inmate Grievance
    Program, et al.,
                    Respondents.
_____

Calendar Date:   January 19, 2016

Before:   McCarthy, J.P., Garry, Rose and Devine, JJ.

                    _____


        Injah Unique Tafari, Elmira, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondents.

                    _____


        Appeal from an amended judgment of the Supreme Court
(Feldstein, J.), entered June 10, 2015 in Franklin County, which,
in a proceeding pursuant to CPLR article 78, granted respondents'
motion to dismiss the petition.

        Petitioner commenced this CPLR article 78 proceeding
challenging a determination that restricted the number of
grievances that petitioner was permitted to file each week at
Upstate Correctional Facility due to his misuse of the inmate
grievance program.  Supreme Court granted respondents' motion to
dismiss the petition as moot and this appeal ensued.

        We affirm.  The record establishes that, during the
pendency of the proceeding, petitioner was transferred to another

correctional facility and, as a result, the restriction regarding the filing of grievances by petitioner at Upstate Correctional Facility was lifted. As petitioner was no longer subject to the administrative action that curtailed the number of weekly grievances that he was permitted to file, Supreme Court properly dismissed the petition as moot (see Matter of Campbell v Fischer, 105 AD3d 1222, 1222 [2013], lv denied 22 NY3d 853 [2013]; Matter of Patel v New York State Dept. of Corr. Servs., 84 AD3d 1668, 1669 [2011]; Matter of Johnson v Goord, 289 AD2d 625, 625 [2001], appeal dismissed and lv denied 97 NY2d 723 [2002]). We are unpersuaded by petitioner's contention that the matter falls within the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; Matter of Johnson v Goord, 289 AD2d at 625).

McCarthy, J.P., Garry, Rose and Devine, JJ., concur.

ORDERED that the amended judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court